UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br>          Plaintiff, | :<br>:<br>: |
| v. | :   No.  5:24-cv-4444 |
| JOSEPH OSBORN,<br>          Defendant. | :<br>:<br>: |

**O P I N I O N**
**Plaintiff's Request for Default Judgment, ECF No. 19 – Granted**

**Joseph F. Leeson, Jr.**                                                       **April 16, 2025**
**United States District Judge**

**I.**      **INTRODUCTION & BACKGROUND**

The United States initiated this action by filing a Complaint on August 26, 2024. *See* ECF No. 1. The Complaint alleges that Defendant Joseph Osborn is indebted to the United States in the amount of $6,893.66 plus an annual interest rate of 10.25%. Compl. ¶ 3; *see also* ECF No.19-3.

On December 17, 2024, Osborn was served with the summons and Complaint. *See* ECF No. 9. He has failed to answer or otherwise defend himself. On March 6, 2025, the United States filed a request for entry of default. *See* ECF No. 15. The same was granted on March 6, 2025. On March 11, 2025, the United States filed a Request for Default Judgment. *See* ECF No. 16. This Court denied the Request without prejudice on March 26, 2025. *See* ECF No. 18. Presently before the Court is a second Request for Default Judgment filed April 8, 2025. *See* ECF No. 19. The United States has attached an affidavit in support, proof of service, a certificate of indebtedness, and an affidavit of non-military service to the Request. *See* ECF No. 19-20. For the reasons that follow, that Request will be granted.

## II. LEGAL STANDARD

### A. Default Judgment – Review of Applicable Law

Federal Rule of Civil Procedure 55(b)(2) provides that a district court may enter default judgment against a properly served defendant when a default has been entered by the Clerk of Court. *See* Fed. R. Civ. P. 55(b)(2); *see also Anchorage Assocs. v. Virgin Is. Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990). "It is well settled in this Circuit that the entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984). The Court considers three factors in determining whether to enter default judgment: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). In considering these factors, the "court should accept as true the well-pleaded factual allegations of the complaint, but the court need not accept the moving party's legal conclusions[.]" *Polidoro v. Saluti*, 675 F. App'x 189, 190 (3d Cir. 2017). Because "a party in default does not admit mere conclusions of law[,]" the district court must "ascertain whether 'the unchallenged facts constitute a legitimate cause of action,'" before granting default judgment. *Broad. Music, Inc. v. Spring Mt. Area Bavarian Resort, LTD*, 555 F. Supp. 2d 537, 541 (E.D. Pa. May 21, 2008) (citation omitted).

## III. ANALYSIS

"[W]hen entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *D'Onofrio v. Il Mattino*, 430 F. Supp. 2d 431, 437 (E.D. Pa. 2006) (quoting *Williams v. Life Sav. and Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986)). Here, the Court finds that it has subject matter jurisdiction over the instant case pursuant to 28 U.S.C. §

1345 which provides that "the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress."  28 U.S.C. § 1345.  The Court also finds that it has personal jurisdiction over Osborn because he is a resident of Pennsylvania.  Compl. ¶ 2.  Service was also properly effectuated in this case pursuant to Federal Rule of Civil Procedure 4.  *See* ECF No. 9.

Next, the Court finds that the United States has a valid cause of action against Defendant in light of the Certificate of Indebtedness indicating his delinquency on the overpayment for CMS services rendered.  ECF No. 19-3; *see also* Compl. ¶ 3. Having found that the United States has a valid cause of action, the Court next considers the *Chamberlain* factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain*, 210 F.3d at 164.

First, "[p]rejudice to the plaintiff exists where denial of a default judgment would 'impair the plaintiff's ability to effectively pursue his or her claim.' " *Spring Valley Produce*, 2015 WL 2365573, at *3 (quoting *Grove v. Rizzi 1857 S.P.A.*, No. 04–2053, 2013 WL 943283, at *2 (E.D. Pa. March 12, 2013)). "Where, as here, a defendant fails to respond to the complaint, the potential delay threatens to carry on indefinitely, and that potential delay establishes prejudice to the plaintiff." *Id*.  Second, "outside of the court's obligation to decide whether it has jurisdiction and whether the complaint states a claim, the court may presume that an absent defendant who has failed to answer has no meritorious defense." *Joe Hand Promotions, Inc. v. Yakubets*, 3 F. Supp. 3d 261, 271-72 (E.D. Pa. 2014).  Third, "the defendant's failure or refusal to 'engage[ ] in the litigation process and [to] offer[ ] no reason for this failure or refusal' may 'qualif[y] as culpable conduct with respect to the entry of a default judgment—indeed, for the Court to

conclude otherwise would be to reward the recalcitrant or the oppositional and uncooperative.'"  *Id.* (quoting *E. Elec. Corp. of N.J. v. Shoemaker Constr. Co.*, 657 F. Supp. 2d 545, 554 (E.D. Pa. 2009)).  Accordingly, under the three *Chamberlain* factors, default judgment is warranted in this case.

### IV. CONCLUSION

For the above noted reasons, the Court will grant the United States' Request for Default Judgment.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge